May it please the Court, Lauren Eskenazi for Petitioner, Mr. Flores. I'd like to reserve three minutes for rebuttal. There are three reasons Petitioner's Federal Habeas Petition should be deemed timely and thus satisfying the ADPA's one-year statute of limitations. The first is really the most straightforward and simple issue, which is to say that because the California Supreme Court found the petition timely, that ruling essentially overruled and reversed the finding of the Superior Court, which was then adopted by the California Court of Appeal. How do we get to that conclusion? I know you're using the citations that were included and kind of by negative inference the ones that weren't. So I think there's two issues to deconstruct. The first one is whether we can rely on the California Supreme Court's order as an order of timeliness. It's the first issue and the second issue. If it is, then how do we get to the fact that that reverses the other two opinions? The second is the easiest. Under Trigueros, it's very clear that when the California Supreme Court finds a petition to be timely by operation of law or just on the face of an order, then that does have the effect of reversing the lower court's decisions. The somewhat more nuanced issue is how we rely on an order that essentially denies the habeas petition and cites to a myriad of procedural bars, excluding the time bar. And what I would say there is twofold. One, I distinguish that order from the order in Chavez v. Evans, a Supreme Court case, which was a unanimous decision by the United States Supreme Court, where if you have what's called a summary denial, in that case, the Supreme Court instructed the Federal courts to have to do independent review to determine still in light of that summary denial whether or not the petition was still timely, that there's this additional layer of review. And what I would ---- Let me ask you this. If this, if our, if the California Supreme Court's order in our case had just said denied true summary denial, we would look back through to the trial court. That's correct. And you would be out of luck, right? Assuming that the Superior Court time bar was adequate, independent and adequate, yes. Okay. Great. So it's, what you're relying on is the fact that instead of doing that, the California Supreme Court affirmatively chose to include other procedural bars but left out timeliness? Yes, Your Honor, I am. You think that even though this, unlike in Trigueros, is that how you say that?  You were counsel there? I was. You know, unlike in that case, there was no request for any kind of informal briefing or was there even a response from the State in this case? There's no informal briefing. It was not an order to show cause in this case. So factually, those Trigueros in this case are distinguishable. But what remains the same is the holding, that is to say, where the California Supreme Court finds a petition timely, the necessary operational law at that point is to reverse the lower court decisions. And in Trigueros, they tried to argue that that wasn't true because of original jurisdiction in California. I have a question about the citation to Swain. Swain, I believe, dealt with more than one type of procedural problem, but if my memory serves, one of the problems there was a delay in presentation of the claim without an adequate explanation. So in a type of timeliness problem. So what does that do to your argument when Swain is the first case that's cited? Well, there's a recent Ninth Circuit opinion issued in 2012, and I'm looking for it in my notes. I believe it's Cross versus, sorry, I should have it right here. Lacrosse? Is it Lacrosse? Is that the one you're looking for? I thought it was just Cross, not Lacrosse. It's Cross versus Sisto. Yeah, okay, right. Yeah, 676, F3rd 1172. So in that case, the Ninth Circuit did hold that Swain was not a time bar. And so interpreting that and relying on that precedent, then you cannot. So we're bound by that? Yes, Your Honor. I have another question, too, and that has to do with the amount of time that's attributable to each of the types of tolling that you're requesting. Is either equitable tolling or statutory tolling by itself sufficient to make the petition timely, or do you need to aggregate both? The timeline is complicated, I'm going to have to say. The simple answer is you don't really have to aggregate them. Once you find any of the arguments in the briefing meritorious, you automatically meet the statute of limitations. Why is that true? Don't you have to look at precisely how many days would be attributable to each type of tolling? You do, but at the end, you're so close that if you even just have your 14 days with zero tolling, there's only a 14-day difference. So with even one gap tolling, you're over that 14 days. So if you had, I mean, I could go through it with each scenario, but if you had a specific calculation that you thought didn't work. I guess you've answered my question by saying in your view there's only a 14-day gap, and so pretty much anything will help. That's correct. Okay. I understand your position. Can I ask about just a different statutory tolling argument? Certainly. As I understand it, the magistrate judge here did give your client statutory tolling just for the California Supreme Court petition? That's correct. All right. I can't remember if you defended that, or I know you have this other argument relying on Tregueros, but do you defend that mode of analysis? In other words, that we're supposed to look at each petition as its own separate proceeding, its own separate application that could or could not be properly filed under 2244D? Well, I think that's the mistake in the report and recommendation. That is, once you find that the California Supreme Court found that the petition was timely, which the district court agreed with, then they didn't take that extra step to find that because of that order and ruling you were right. Let me just try to find where I was going. Sorry, maybe I misunderstood. I apologize. Is there any way under California's unique system that your client's petition in the Superior Court could be deemed untimely, right, and so that you wouldn't get statutory tolling for any period leading up to the denial of that petition, but that when you go to the California court of appeal and then to the California Supreme Court, because those petitions were clearly timely in the sense that there was a very short delay in between, could you get statutory tolling just for the time you spent in the court of appeal and the time you spent in the California Supreme Court, even if we didn't agree with you that the finding of untimely in the Superior Court was overruled? Unfortunately, I think that the California court of appeal opinion ends up being tied to the Superior Court opinion because it is just a denial on the merits and because under YILS, you do have to look back. And so it becomes an adoption of the Superior Court order. I don't think you can separate that out. If we really did treat California's original writ system seriously, right, why couldn't we say for purposes of 2244D, each petition is a separate application. The one in the court of appeal was properly filed. It wasn't rejected because your client waited too long to get to the court of appeal. It was only like a less than, what, a 30-day delay. So that was timely. And, yeah, the California court of appeal adopted the rationale for why your client wasn't going to get relief on the merits. But in terms of statutory tolling purposes, why couldn't you still claim the time you spent in the court of appeal? I mean, that really was the exact issue that was raised in Trigueros, that the respondent argued and was rejected. But if we need to, for purposes of revisiting it, absent Trigueros? No, no, no. Precisely because you were counsel in Trigueros, I wanted to know, do you read Trigueros as rejecting that vision of how California's system works? Not only does Trigueros, the holding of Trigueros encompass that reasoning, but it comes from Evans v. Chavez, which is unanimous, one of these rare unanimous Supreme Court decisions, which very specifically on point talks about California law and the original jurisdiction and says that although California has original jurisdiction, it operates exactly like an appellate. A traditional appellate review process. Yeah, system. And therefore, we're going to treat it that way. So, I mean, so Chavez is directly on point as to this issue. So whether California state intended that, I don't really know. But clearly a unanimous Supreme Court interpreted California's timeliness rules in that. So just so I understand your argument then, counsel, so unless we accept your argument that the California Supreme Court implicitly overruled the untimeliness filing, you lose, is that it? No, there are two other arguments. One is the equitable tolling argument. And the other one is. What about the statutory tolling? Oh, for purposes of statutory. So there's one other statutory tolling argument based on Walker v. Martin, another Supreme Court decision, although a little bit more divided court on that one. But essentially in that case, while the decision makes clear that the discretionary application of California's timeliness rules in and of itself is not a reason to make that particular procedural bar, time bar, inadequate and lacking independence, there are other reasons why that certain. I'm so sorry. It gets a little complicated. There are other reasons why California time bars could be determined inadequate and lacking. Let's see. Yeah, could be inadequate and lacking independence, therefore opening the door to federal court review. And in here we really have a spot on example of that. It would be one of the first cases really under Walker v. Martin to find an adequate bar. And here is very clear that the superior court miscalculated the delay under California law. The petitioner raised four claims. And in his form petition explained that the reason all of those record based claims were not raised timely in the opening brief was because of ineffective assistance of appellate counsel. And what California law makes explicitly clear is that where you have ineffective assistance of appellate counsel, you cannot bring that claim or those claims until after direct review is concluded. It doesn't make sense to criticize counsel's performance until their performance is concluded. Counsel, you've exceeded your time by a bit, so we'll give you a short amount. Thank you very much, Your Honor. Good morning, Your Honor. May it please the Court. I'm Kevin Viena, a California Deputy Attorney General here representing the appellee. Your Honor, my opponent made a couple of arguments in her brief that I think are incorrect, and I'd like to point out why I think they are incorrect. The first is, and these occur sequentially throughout the brief, the first is she says that Mr. Flores should be entitled to gap tolling for the period of time after the California Supreme Court denied his habeas corpus petition and before he filed his federal petition, a relatively brief period of time. That argument is made at the AOB at page 14. That argument is incorrect. Statutory tolling does not apply after the state court has completed collateral review at all. If we could just get to the heart of the issue, though, because, you know, if she's right, though, in her core argument, none of this is going to matter. So why wouldn't we extend the rationale of Trigueros to this case? I know that there's a slight difference in that in Trigueros, the Supreme Court, the California Supreme Court asked for this informal briefing on the merits, but that's the only difference I see, and maybe you can flesh out why you don't think we should extend Trigueros to this case. Well, my argument is that that's not a slight difference. That is the key and critical difference in Trigueros. That is, what we know or what the Ninth Circuit believed they could discern with certainty in the circumstance of Trigueros was that the issue of timeliness was engaged by the California Supreme Court. That is, there was briefing by both sides. Just one second. Let me just make sure I understand Trigueros correctly. When you say timeliness was engaged there, the California Supreme Court's order, I take it, didn't ask for briefing on timeliness. It just asked for informal briefing on the merits, right? It just asked for informal briefing. And as is typical with the Attorney General's office, they brief procedural bars that they believe apply, and they brief the merits. They typically will brief both of those. Okay. So just tell me what the procedure. A petitioner, I guess especially a pro se petitioner, files a petition in the California Supreme Court. Normally, you guys just don't do anything and just wait for a denial? It's not so much that we don't do anything. We're not really invited to and usually don't even know that the petitions have been filed. So you can't file an opposition unless the California Supreme Court asks you to file something? I'm not sure that we're completely precluded, but as a practical matter, certainly in light of the thousands of petitions that they deal with each year, it rarely happens. Okay. So what's unique about Trigueros is that there, the California Supreme Court sort of showed some interest in the case by saying, we'd actually like an informal response from you, the State Attorney General? Exactly, Your Honor. Okay. And then in that brief that your office filed, you would have briefed both the procedural bars and the merits? Precisely, Your Honor. Okay. But still, I follow you, and that certainly is a difference. But why, if we're trying to read in, if we're basically trying to read the tea leaves of what the California Supreme Court's denial order means, we know that the California Supreme Court must have been aware that the basis, at least one of the basis for dismissal of this petition was untimeliness and some other procedural bars, if I remember, in the Superior Court. Yes, Your Honor. Mr. Flores's petition to the California Supreme Court, did he make arguments as to why the untimeliness finding in the Superior Court was wrong? No. His petition didn't make that specific argument. He repeated, in answer to two questions on the form, he repeated a couple of things. One, he was asked why his claims were not raised on direct appeal, and in that space, he said, I believe as he had said before in the lower courts, that his lawyer had declined to raise these claims in the appeal, and he thought that was ineffective assistance of counsel. And he said that he explained his delay in filing because it took some time for his trial record to be delivered to him from Appellate Defense Counsel. Okay. So we've got the California Supreme Court has the case. They know that one of the available bases for affirming, in essence, the denial of relief here is to say, yeah, we agree with the State Trial Court that the petition was untimely. The State Trial Court also cites these other procedural bars. And then the California Supreme Court, this is what to me seems significant. It has this menu of options before it, and it picks all of the other available procedural bars but leaves out untimeliness. Why wouldn't we read into that that, yeah, they looked at the untimeliness bar and they disagreed with it? I mean, I think the real answer to that question is that the Court desires to treat the series of petitions in the State Court as not original petitions but as an original petition in the Superior Court followed by what are essentially appeals. Right. The United States Supreme Court said in Chavis that for purposes of determining whether a State application is pending for statutory tolling purposes under 2244, we will do it that way because we have to find a way to fairly adapt California's procedure, nearly unique procedure, to the federal statute. But this stretches it too far to say that what really is happening is an appeal. And in this case, there's a very important difference that I would suggest explains why the California Supreme Court would look at or could look at the matter differently than the way the Superior Court looked at it. My opponent's argument is essentially that the Superior Court was wrong in finding or at one point the Superior Court was wrong in finding that Mr. Flores' petition was untimely because, she adds, claims of ineffective assistance of counsel may have a later start date for analysis. That is what Robin says in her citation is that the start date then is when you reasonably would know that counsel was ineffective. And so if the Superior Court had applied that to its calculation or conclusion of timeliness, maybe it would be incorrect to go back to the date of the trial, which they did. However, what she has missed and what is critically important is that there was no separate and independent ineffective assistance of counsel claim in the Superior Court. There were four claims there. In the later course, there were five claims. The added claim was in an ineffective assistance of counsel claim. So the Superior Court was not wrong in its calculation. But I guess I don't feel like you've directly responded to my question. I'm trying to figure out what the California Supreme Court's thought process was, and I just – there's this glaring omission. They could have just as easily in the string side of procedural bar citations included one that corresponds with timeliness. And it seems like the omission of it, why wouldn't we read some significance into that? I believe – I mean, the Supreme Court hasn't spoken on this question directly. But I believe the California Supreme Court, in dealing with the thousands of original habeas corpus petitions it deals with and denies largely, does it as recognized in Chavis in an economical matter. That is, just like in a Strickland claim. If you see that there's no prejudice, there's no point in analyzing other factors. If it's easy to say no prejudice in Strickland. So I believe the California Supreme Court, in dealing with those thousands of petitions each year, looks at the habeas corpus petition and says, is there something that jumps out? So I guess – let me just see if I understand your argument. Your argument is, even if we read the list of citations and our own precedent to preclude an understanding that timeliness is one of the grounds for the Supreme Court's denial, that isn't equivalent to overruling the Superior Court's finding that it was untimely. There's a menu of options. The Superior Court picked option A and they picked option D, but that doesn't necessarily overrule option A. Exactly. Because that's your argument. Yes, Your Honor. I had another question for you, too. It seemed to me that on the equitable, I have difficulty with the assertion that there's only a 14-day problem. It looks more like a six-month problem to me. But the equitable tolling argument, isn't the failure to deliver the record something that's beyond the petitioner's control that could supply some equitable tolling for at least that 120-some-odd-day period that the record was late? I would say that in some circumstances, the inability to obtain the record could serve as a basis, could be seen as an extraordinary circumstance beyond the petitioner's control. You still have to be diligent when you get it. But would that 120, that's approximately 120 days, should that be excluded from the statute of limitations? No, for a couple of reasons. In this case, the answer is no. First of all, I think it's not 120 days. Mr. Flores received his materials approximately one month after the statute of limitations began running. That is, for the first 90 days following. Oh, I see what you're saying. So it's only a month. So I believe that a delay of a month in receiving materials into the statute of limitations leaves Mr. Flores 11 months to file a timely habeas corpus petition in the district court. And it's particularly important, I think, as well, that the delay occurs at the beginning so that he's aware that he's one month, but only one-twelfth behind in the time period. The other thing is, there are two other things. One is diligence. That is, we do not know when he began asking for that record. We don't know if he began in June or sometime earlier. Or back in March. Or back in March. We simply don't know. But beyond that, he has not shown, really, the causal connection necessary for equitable tolling. And that is, he has not shown how that delay affected his preparation of any individual claim or why it made it so that he was unable to file for another 11 months. His problem really is that the Superior Court and the Court of Appeal found his petition to be untimely. I'm going to ask you the same question I asked opposing counsel. In terms of parsing these time periods, I understand you don't agree that any of this tolling applies, but in theory, would the petitioner have to show both the equitable tolling and the statutory tolling to use up the period of time, or would one of those suffice? No, I think either probably would suffice. I agree with the district court's calculation on statutory tolling. I agree with their conclusion that this petition is 13 or 14 days late. And that's all the time he needs. If he finds a way to get 13 or 14 days of more tolling of either kind, statutory or equitable tolling, his petition will be timely. Can I ask just one last question? Do you agree that the citation of Swain alone under our decision in this Cross v. Sisto case, it's not enough to invoke timeliness? I believe Cross v. Sisto answers a different question. That is, is Swain a procedural default that will be recognized by the federal courts in federal law? I believe that Swain clearly says, clearly includes a discussion of lack of timeliness. And so it is, though it's not perfectly clear, it is reasonable and explainable that the first reference to Swain includes a conclusion that it was untimely. Didn't we hold, though, in Sisto, or in Cross v. Sisto, that the citation of Swain alone is not enough? I think the court held that that's not enough to be a procedural default. Because it's not conclusive proof, I think was the phrase we used. But that's a different question. Just as my counsel wants to argue that California's timeliness bar in this case was not independent and adequate, that's different from the purely state law question of whether the state court found it to be properly filed. And that question was answered in this court's decision, and I apologize, we did not cite it, but it's this court's decision, Zepeda v. Walker, 581 F. 3rd, 1013 at page 1018. Zepeda makes clear that the analysis, the discussion, the concerns between a procedural default, which is a matter of federal law, and the denial of a petition as untimely by a state court, which is purely a matter of state law, makes the question of independence and adequacy irrelevant to the question of whether a state petition is properly filed. Thank you, counsel. Thank you, Your Honor. Ms. Eskenazi, you may have a minute for rebuttal. Thank you, Your Honor. First, briefly, I want to point your attention to footnote 9 in Ray Clark, the California Supreme Court decision that does talk a lot about timeliness. And in that footnote, basically what the court says is that where there are summary denials, you can't assume that we haven't reviewed the case on the merits unless a procedural bar is apparent. So what I take from that is that where you just have a simple denial without any citations to anything, which is consistent with the Chavez Supreme Court decision, it's possible they found it untimely, but they decided to reach the merits anyway. And so it's a merits decision that could have also been untimely, and that's why you have to do that independent federal review. But that's really different and distinguishable from the type of order we have here, where you have a denial with, you know, a litany of procedural bars excluding the time bar. And there, I think, you don't have a merits denial. You don't have what the respondent was arguing in an analogy to Strickland, where, you know, you can kind of sidestep the analysis and get to the merits even though it's untimely. No, what we see here is they clearly procedurally barred this petition and did not reach it on the merits, and that's the significance of that order, and I think that's consistent both with the United States Supreme Court's reading in Chavez and then this footnote 9 in Inouye Clark. And then also I do want to address this 14-day delay and the equitable tolling and the statutory tolling. I guess revisiting it, I think that 14 days, the calculation of that 14 days from the report and recommendation is based on an assumption that the California Supreme Court order was found the petition to be timely and, as a result, gave it statutory tolling. So I see what you're saying, and I did overlook that. So, yes, it would require that. And the point is, yeah, once you determine that the California Supreme Court found it timely, then you can also just apply Chavez and get all of the statutory tolling. So it does sort of turn on understanding that order. Thank you, counsel. We appreciate the arguments of both of you in this rather convoluted case. They were helpful. The case is submitted.
judges: Graber, Rawlinson, Watford